UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-61662-CIV-ZLOCH

CASH4GOLD, LLC,

    Plaintiff,

vs.                                **O R D E R**

C.J. ENVIRONMENTAL, INC., and
STEPHEN SCHNEIDER,

    Defendants.
_____/

    THIS MATTER is before the Court upon Defendant Stephen Schneider's Motion To Dismiss For Lack Of Personal Jurisdiction (DE 16). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff Cash4Gold, LLC initiated the above-styled cause with the filing of its Complaint (DE 1) alleging various intellectual property infringements and unfair competition. Specifically, Plaintiff claims that Defendants maintained a website that infringed on Plaintiff's federally protected copyright and trademark rights, as well as engaged in other forms of unfair competition. Defendant Stephen Schneider, a domiciliary of California, now moves for the Court to dismiss this action against him on the basis that the Court lacks *in personam* jurisdiction over him.

    The determination of personal jurisdiction over a nonresident defendant involves a two-part analysis. First, the Court must determine that the forum state's long-arm statute permits an

assertion of jurisdiction.  Second, the Court must determine whether sufficient minimum contacts of the defendant with the forum exist "to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Cable/Home Comm. Corp. v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990) (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (further citations omitted).  A motion to dismiss tests the legal sufficiency of the pleadings.  Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989).

First, the Florida long-arm statute allows the exercise of jurisdiction over a person who, inter alia, commits a tortious act within the state.  Fla. St. § 48.193(b)(1).  The Eleventh Circuit has held that a non-resident defendant who creates and maintains a website outside the state of Florida accessible in the State of Florida and causes injury to a Florida plaintiff commits a tortious act within Florida.  Licciardello v. Lovelady, 544 F.3d 1280, 1283-84 (11th Cir. 2008).  Thus, the Court has personal jurisdiction over the person who engaged in, for example, trademark violations by virtue of the websites challenged in the Amended Complaint (DE 5) and thereby caused injury to Plaintiff.  Defendant Schneider's argument that he, as a corporate officer, cannot be found personally liable, and thus that the Court lacks jurisdiction over his person, is unavailing.  Chanel, Inc. v. Italian Activewear of Fla., Inc., 931 F.2d 1472, 1477-78 (11th Cir. 1991).  Therefore,

Schneider comes within Florida's long-arm statute. Fla. St. § 48.193(b)(1).

Second, the exercise of jurisdiction over Schneider must satisfy the due process clause of the Fourteenth Amendment. As stated above, the Court must be satisfied that sufficient minimum contacts exist between Schneider and the State of Florida such that the exercise of jurisdiction over him "does not offend traditional notions of fair play and substantial justice." Cable/Home Comm. Corp., 902 F.2d at 855 (citing Int'l Shoe Co., 326 U.S. at 316) (further citations omitted). Fair play is not offended if Schneider purposefully directed his activities at residents of Florida and the litigation arises out of those activities. Licciardello, 544 F.3d at 1284 (citations omitted). The facts of Licciardello closely parallel those of the instant action, and there the exercise of personal jurisdiction was found proper. In that case, a website maintained outside Florida and alleged to infringe on a Florida resident's trademark was found to be an intentionally tortious act into Florida. Thus, jurisdiction was conferred. Id. at 1287-88. The Court finds that Schneider's involvement with C.J. Environmental, Inc. and the maintenance of its website together constitute fair warning that he is subject to suit in Florida for the actions alleged in the Amended Complaint. Id. at 1284 (citing Shaffer v. Heitner, 433 U.S. 186, 218 (1977) (Stevens, J., concurring in the judgment)). Therefore, these allegations are enough to bring him within the jurisdiction of this

Court.[1]

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendant Stephen Schneider's Motion To Dismiss For Lack Of Personal Jurisdiction (DE 16) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___8th___ day of June, 2009.

                                              _/s/ William J. Zloch_
                                              WILLIAM J. ZLOCH
                                              United States District Judge

Copies furnished:
All Counsel of Record

---

[1] The Court is mindful of Defendant Schneider's reminder that the Eleventh Circuit stated its intention to limit its holding "as always" to the facts before it in Licciardello. See Licciardello, 544 U.S. at 1288 n.8. However, those facts are not meaningfully distinguishable from the instant action. Though Plaintiff is a corporate party and has customers from throughout the United States, it is not the type of "national corporation" that Schneider argues is without the scope of Licciardello. See DE 32, pp. 4-5. Rather, it operates with only one place of business and conducts that business through the mails and internet. DE 5, ¶¶ 2, 9-12. Therefore, it can be treated as a Florida resident for purposes of examining personal jurisdiction under the analysis of Licciardello.